[No. 6331.]

## WOLF v. THE PEOPLE.

1. **Criminal Law—Cruelty to Animals—Information—**An information under the act of April 11, 1905 (Laws 1905, 187), charging the accused with procuring dumb animals to fight, must allege that the act was done for sport or amusement, or upon a wager as to the result.—(535)

2. **Accessory**—The offense of the accessory, under section 2 of the same act, is a substantive offense. The accessory may be entirely innocent of the principal offense. He is chargeable only in case he is wilfully present, or makes a wager on the result;. and this must be averred in the information.—(536)

3. **Evidence—Reasonable Doubt**—To convict of a criminal offense the evidence must exclude all reasonable doubt as to each link in the chain of circumstances relied upon to establish guilt.—(536)

4. **Witness—Discrediting—Wilful False Testimony**—An instruction that if any witness, because being interested in the result of the action, has testified falsely all his testimony may be disregarded, except so far as corroborated, is not faulty for the omission of the adverb "wilfully."—(536)

*Error to Arapahoe County Court*—Hon. W. G. ALEXANDER, Judge.

Hon. JOHN T. BARNETT, attorney general, Mr. JAMES H. TELLER, assistant attorney general, Hon. WILLIAM H. DICKSON, attorney general, and Mr. GEO. D. TALBOT, assistant attorney general, for the people.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The defendants were convicted under an act entitled: "An Act for the Protection of Dumb Animals," approved April 11, 1905, Sess. Laws of 1905, 187, and, alleging error in the proceedings, brought the case here for review by a writ of error. The act in question, excepting the section fixing the penalty, is as follows:

"Section 1. It shall be unlawful for any person to cause, procure, encourage, aid or abet any dumb animal to fight or engage in combat, or to cause, procure, encourage, aid or abet to be set down or released, any captive dumb animal to be shot at, or for dogs to pursue or to be in any other manner injured, frightened or harassed for sport or amusement or upon a wager or for the purpose or result

of making bets· upon the progress or result of such fight, combat, shooting, pursuit or other injury or affright.

"Sec. 2. . Any person wilfully a spectator of, or making bets or wagers upon, the progress or result of any such fight, combat, shooting, pursuit ·or other injury or affright, shall be deemed and held to be an accessory, and shall be punished as a principal."

The information charged that the defendants did, on or about the 14th of April, 1907, "unlawfully cause, procure, encourage, aid and abet certain dumb animals, to wit, chickens, to fight and engage in combat."

Upon the trial, the court, in its fourth instruction, charged the jury as follows:

"You are instructed that, if you find from the evidence, beyond a reasonable doubt, that these defendants, or either of them, did, on or about the 14th day of April, 1907, in the county of Arapahoe, cause, procure, encourage, aid or abet chickens to ·fight or engage in combat, or if you find beyond a reasonable doubt that these said defendants, or either of them, were or was wilfully a spectator, or made or. offered to bet or wager on the· result of any such fight or combat, then your verdict should be guilty, as to both or either of said defendants, as you may find."

In instruction No. 9, the jury was charged:

"If the jury believe that any witness, by reason of his being interested in the result of this suit, testified falsely, then you have a, right to disregard the whole of such witness's testimony, except in so far as it is corroborated by the testimony of some other witness whom you believe is telling the truth."

The court, in No. 12, instructed the jury, in part, as follows:

"The jury are instructed that the law requiring the jury to be satisfied of a defendant's guilt beyond a reasonable doubt, in order to warrant a conviction, does not require that you should be satisfied beyond a reasonable doubt of each link in the chain of circumstances relied upon to establish the defendant's guilt; it is sufficient if, taking the testimony altogether, you are satisfied beyond a reasonable doubt that the defendant is guilty."

Counsel say that the information does not charge an offense, and insist that, as the information does not charge that the defendants committed the acts charged in the information "for sport or amusement, or upon a wager, or for the purpose of making bets upon the result thereof," no offense is stated.

We agree with counsel in their contention. The statute, in plain and unambiguous terms, imposes a penalty upon those who "cause, procure, encourage, aid or abet any dumb animal to fight or engage in combat * * * for sport or amusement, or upon a wager, or for the purpose or result of making bets upon the progress or result of such fight * * * *" The attorney general urges that there can be no other purpose in encouraging chickens to fight than that of sport or amusement, or in making bets on the result. That is probably correct, but the statute does not mention chickens, and, while we can readily discern that there can be no laudable purpose for engaging in cock-fighting, there may be a laudable purpose for encouraging dumb animals to engage in combat; and the legislature, knowing this, could not have intended to make it a crime for one to engage dumb animals in combat, but only to so engage them for sport or amusement, or upon a wager, or for the purpose of making bets. The motion to quash the information should have been granted.

The second section of the act makes one an accessory who is "wilfully a spectator of, or making bets or wagers upon, the progress or result of, any such fight."

An accessory, under this section, is not necessarily one who participates in the principal offense; he may be entirely innocent of any participation therein, and the offense of the accessory, as stated in the section, is a substantive offense. If the state relies upon the defendant's being a spectator merely, or upon his having made bets upon the result of the fight, such facts should have been stated in the information; and the court erred in giving to the jury instruction No. 4.

Instruction No. 9 is said to be erroneous because the language is not that approved by the appellate courts of this state, in that it does not say that if any witness has *wilfully* testified falsely to any material matter. If a person, by reason of his being interested in the result of the suit, testifies falsely to any material fact, he wilfully testifies falsely, and we find no objection to this instruction.

The court gave in instruction No. 12 the identical language condemned so many times by this court. In applications for supersedeas, we have met this same instruction, and it would seem, after this court has so many times condemned the words found in the instruction, concerning the link in the chain of circumstantial evidence as being erroneous and fatally defective, that they would no longer appear in instructions. We adhere to our former decisions, and again declare that the giving of this instruction constitutes fatal error.

For the reasons given, the judgment is reversed.

*Reversed*

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.