No. 12,638.

MOYA *v.* THE PEOPLE.
(293 Pac. 335)

Decided October 27, 1930. Rehearing denied November 17, 1930.

140

Mr. MARTIN C. MOLHOLM, for plaintiff in error.

Hon. ROBERT E. WINBOURN, Attorney General, Mr. E. J. PLUNKETT, Assistant, for the people.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was informed against for the murder of one Zemp. A jury found him guilty in the first degree and fixed the penalty at death. To review the judgment thereupon entered he prosecutes this writ.

Under the ten assignments the following alleged errors are argued: (1) The insufficiency of the evidence; (2) the admission of certain "confessions;" (3) the admission of certain exhibits; (4) the admission of certain testimony of the deputy coroner; (5) the admission of testimony concerning the weight of defendant; (6) the giving of instruction No. 8; (7) the giving of instruction No. 21. No other questions raised by the assignments are worthy of consideration.

1. Zemp was approximately 80 years old, weighed 135 pounds, and was in poor health. Defendant and his family, a wife and three children, were his tenants. Zemp reserved, and resided in, the basement. There he was killed by defendant, January 27, 1930, by being terribly beaten with a shoe last. He had on his person and in his room at the time money and valuable papers. Defendant appropriated the money, destroyed and concealed the papers, hid the body in an outhouse, attempted to clean up the bloody evidences of the killing, and padlocked the door. The body was found and defendant arrested two days later. At first he denied knowledge of Zemp's whereabouts. Later, in jail, he made a statement, Exhibit O, in which he charged one Barela with the killing. He repeated this charge in Barela's presence. About two

hours later he made another statement, Exhibit P, in which he admitted the killing, claimed it was done in self-defense, exonerated Barela, and asked that he might see him and beg his forgiveness. The trial began March 4, 1930. At that time defendant was 30 years old and weighed 146 pounds. He had served time in the penitentiary in New Mexico, to which he was sentenced in 1923 to a term of six to eight years for perjury committed on a former trial wherein he was charged with murder.

The foregoing undisputed facts were before the jury. Against them stands, practically alone, the testimony of defendant, that he was attacked by Zemp and killed him in self-defense. The verdict was overwhelmingly supported.

2. Exhibits O and P were in the form of questions and answers taken down by a stenographer and transcribed, and the latter signed by defendant. It is contended that neither is shown to be voluntary, hence both should have been excluded; also that, since in neither does defendant admit his guilt, neither is a confession under the rule laid down in *Mitchell v. People,* 76 Colo. 346, 232 Pac. 685, hence this is a case of circumstantial evidence in which the death penalty could not be imposed.

■ Even defendant testified that he made these statements voluntarily. The contrary can only be argued from inferences drawn from some of his answers, and these are flatly contradicted by the officers who questioned him and the stenographer who took the notes. As said in the Mitchell case, supra, page 348: ''The court heard * * * evidence on this subject, in the absence of the jury, and held the confession voluntary. * * * The question was primarily one for the court. * * * In the absence of a clear abuse of discretion that ruling will not be interfered with. No such abuse appears.''

■ The second portion of this objection is answered by the fact that the rule in the Mitchell case is not confined to complete confessions, but goes to all admissions against interest, and is, of course, applicable to Exhibit

P wherein defendant admits that he killed Zemp. But a more complete answer is found in the fact that defendant took the stand in his own behalf and voluntarily testified to every statement made in Exhibit P. Hence if the admissions thereof had been erroneous the error would have been without prejudice.

Our Statute provides: "Nor shall any person suffer the death penalty who shall have been convicted on circumstantial evidence alone." §6665, C. L. 1921. Since defendant himself admitted that Zemp was dead and that he slew him, in no view of the case could it be said that the verdict rested on circumstantial evidence "*alone.*"

The remaining question here was one of intent, and such evidence thereof as here appears has been held direct, not circumstantial. *Wechler v. People,* 53 Colo. 89, 93, 124 Pac. 183. No answer made by defendant, as set forth in Exhibit O, was denied by him, and all were testified to by the officers and stenographer. It was therefore nothing more than corroboration of oral testimony, all of which was clearly admissible to show contradictory statements. That it was not signed is immaterial. *Bosko v. People,* 68 Colo. 256, 188 Pac. 743.

3. Photographs of deceased showing his wounds; photographs of the room where he was slain, showing its condition and disorder and the articles it contained; photographs showing the place where the body was found; and Zemp's blood-stained clothing, were all admitted over defendant's objection. It is said that their exhibition was unnecessary and was calculated to, and did, arouse the passions of the jurors and sway their judgment. Oral evidence of the wounds which caused death, of the place where the body was concealed, and of the brutal method by which it was disposed of, all, of necessity, had a like tendency. But if evidence is competent, material and relevant, as this evidence was, it should not be rejected because it brings vividly to the jurors the details of a shocking crime. Such is the law-

ful purpose of evidence. These exhibits were clearly admissible. Underhill on Criminal Evidence, secs. 47, 48, 50 and 51; *King v. People,* 87 Colo. 11, 285 Pac. 157.

4. One witness gave his opinion as to how long Zemp had been dead. It is contended that his qualification to do so was not shown. He testified that he was, and had been for over thirty years, deputy coroner in Denver, during which time his official duties required the handling of such cases; that the number of bodies coming under his care ran as high as 550 per annum; that these were in all conditions of age and preservation; and that he had made a special study of the subject. This evidence was undisputed. The witness amply qualified.

[9] 5. A county jail attendant, who had that day weighed defendant, was called in rebuttal to give his weight. The fact became important because of defendant's testimony on the subject. This evidence in rebuttal was objected to because out of order. "Order of proof rests in the sound discretion of the trial court, which, in the absence of abuse and prejudice, will not be interfered with." *Lowe v. People,* 76 Colo. 603, 613, 234 Pac. 169. We discover neither abuse nor prejudice here.

It is also contended that defendant's weight at the time of the trial was immaterial. But five weeks had elapsed since the killing. The presumption is that no great variation had occurred. If so, the probabilities were favorable to defendant. Any discrepancy was open to explanation and none was offered.

6. Instruction No. 8 relates to credibility of witnesses. The portion objected to is that advising the jurors of their right to disregard the whole or any part of the testimony of one who had sworn falsely "except insofar as the same shall have been corroborated by other credible testimony." The quoted language is found, in substance, in at least two cases heretofore before this court, in each of which the instruction containing it was examined. *Last Chance M. & M. Co. v. Ames,* 23 Colo. 167, 172, 47 Pac. 382; *Wolf v. People,* 45 Colo. 532, 534,

102 Pac. 20. In neither, however, is the phrase here in question condemned or expressly approved. In another we approved an instruction which omitted the phrase and which was objected to for that reason. *Minich v. People,* 8 Colo. 440, 452, 9 Pac. 4.

In some states it is held reversible error to omit it, in others to include it. *Peak v. People,* 76 Ill. 289, 294; *Brown v. Hannibal, etc., R. Co.,* 66 Mo. 599; *Pierce v. State,* 53 Ga. 365; *State v. McPherson* (Idaho), 291 Pac. 313. The phrase should be omitted as valueless under all circumstances and possibly prejudicial under some. Was it so here? But two witnesses, both for defendant, clearly testified falsely as to a material fact. Both were corroborated as to others. Without the phrase it could well be contended that the jurors had a right, as they did, to disregard the entire testimony of these witnesses. With it, if it be given the force claimed for it by counsel for defendant, the jurors were forbidden to disregard this testimony in the particulars in which it was corroborated. Hence the error, if any, was in favor of defendant.

7. Instruction No. 21 was an instruction on insanity. It refers to "a person so diseased in mind at the time of the act," etc. The objection urged is that it did not cover "insane delusions," which was the defense here. The objection was not good for the simple reason that there is no evidence of either, and no occasion for any instruction on the subject.

Finding no error in the record the judgment is affirmed and the execution thereof fixed for the week ending Saturday, December 13, A. D. 1930.

MR. JUSTICE CAMPBELL not participating.