## No. 13,538.

### Reed *v.* Davidson Dairy Company.

(50 P. [2d] 532)

Decided October 14, 1935.

Messrs. Strickler & Wendelken, for plaintiff in error.

Messrs. Strachan & Horn, for defendant in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

PLAINTIFF in error brought suit in the district court to recover from defendant in error damages for personal injuries sustained by her in a collision between her automobile, which she was driving, and a milk truck operated by defendant in error. The jury verdict was for defendant, motion for new trial overruled, and judgment entered on the verdict. To this judgment, plaintiff assigns error.

There are no objections to the given instructions, and no instructions tendered and refused. Negligence was alleged by plaintiff, denied by defendant, and contributory negligence set up as a defense.

Complaint is made that the verdict was contrary to the evidence; however, since the record discloses conflicting testimony, the jury's finding thereon will not be disturbed, if the sole and only remaining question presented is determined in defendant's favor. This question arises from the admission in evidence over plaintiff's objection of defendant's Exhibits 1 and 2, which are photographs of the place where the collision occurred. These were taken a day or so before the last day of the trial, the accident having occurred about five months before. Plaintiff concedes that photographs are admissible when they clearly show the physical surroundings and conditions, but contends that when an attempt is made, as here, to illustrate the conditions, theories and claims of the defendant, as to how the accident occurred, and the positions of the automobiles at the time of, or after the collision then they are prejudicial and should not be admitted, because of the peculiar danger present—if they depict how the accident happened—of unconsciously giving to the exhibits the effect of speaking for themselves. This general theory of plaintiff is supported by numerous authorities and the following text: ''Photographs are not admissible in evidence merely to illustrate a hypothetical situation, or to explain the theories of a party as

464

to the matter in controversy." 9 Encyclopedia of Evidence, p. 779.

■ This announced principle should prevail in the case under consideration if the circumstances permit its application, but we believe the facts here provide an exception to the rule. Plaintiff insists that the photograph, Exhibit 2, which was introduced to show the position of the cars after the collision discloses an assumed position of the cars in accordance with defendant's theory of the cause of the accident. It is not necessary to narrate the evidence or discuss its nature, or that of the exhibit, other than to say that all the witnesses agree that the position of plaintiff's car after the accident is as shown by the exhibit; that the position of the truck as depicted thereon coincides with the testimony of its driver and his helper and that it thus presents, not an assumed or hypothetical position, but one coinciding with that described by the witnesses. The photograph no doubt carried peculiar evidentiary weight, but in that respect may be said to be analogous to the testimony of a witness possessing strong or impressive characteristics, whose testimony would be effective, but not objectionable. To safeguard rights in these close cases, is the discretion of the trial court, to be exercised upon the admission of testimony preliminary to the offer of an exhibit and disclosing its purpose. If it does not clearly appear that this discretion has been abused, the court's determination will be accepted on review. The exhibit here in question does not supply evidence otherwise lacking, but simply is a graphic representation of the location of the objects therein shown as to their position, which was described and identified by witnesses and being in accord with their testimony it was admissible.

■ In this case we are content to apply the following pronouncement as controlling: "A photograph, like a map or diagram, is merely a witness' pictured expression of the data observed by him and therein communicated to the tribunal more accurately than by words. Its

use for this purpose is sanctioned beyond question." 1 Wigmore on Evidence, §792.

Judgment affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE BOUCK concur.