No. 19,454.

WALTER RICHARD SKEELS v. THE PEOPLE OF THE STATE OF COLORADO.

(358 P. [2d] 605)

Decided January 16, 1961.

Messrs. MURPHY AND MORRIS, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to plaintiff in error as defendant. He was fifteen years of age at the time of the offense for which he was convicted. He was accused of first degree murder of one Florence D. Martin, to which charge he entered pleas of not guilty, and not guilty by reason of insanity. The issue of insanity was tried first and resulted in a verdict that defendant was sane. A different jury heard the issues raised by the plea of not guilty and returned a verdict of "guilty" of murder in the first degree, upon which defendant was sentenced to imprisonment for life.

The evidence established without dispute the following facts: Defendant had been working part time as a dishwasher in a cafe in Colorado Springs, but had been discharged and did not want to inform his mother of his loss of employment. On the morning of April 20, 1959, he did not go to school as usual, but spent the morning looking at newly-constructed houses. He returned to his home where he stayed until about the usual time for him to go to work. He then went out to look for a job. Being unsuccessful in finding new employment during the afternoon, he got on his bicycle and rode to the home of the deceased whom he had known as a customer on a newspaper route which he at one time had carried. He stated to the officers that he hoped to borrow money from Mrs. Martin. During all the afternoon defendant carried a knife concealed on his person, which he ordinarily did not carry. He stated that upon failing to find work, and before going to the home of the deceased, he had waited around for some time intending to use the

knife to rob somebody in order to obtain money. He reached the home of deceased at about 7:45 P.M. She recognized him and invited him inside her home. Defendant told officers that while he went there intending to ask for money, he lost his nerve and after visiting with her for about forty minutes he put on his parka and started to leave. He then turned upon her suddenly and attacked her with the knife, stabbing her many times, inflicting more than forty separate wounds. After she fell to the floor in a pool of blood he burglarized the house searching the separate rooms for money. He found a small purse containing one dollar, left the house thereafter and threw the purse away. The knife was thrown across the road into a cornfield. In the course of the attack upon the deceased he had seriously cut his hand and upon his arrival home he told his mother he had injured it in an accident. She took him to the hospital, where he was located by police and taken into custody.

All of the above facts were related by the defendant in the presence of his mother, his stepfather and police officers. The statements made by him were fully corroborated by all the physical findings at the scene of the crime.

Counsel for defendant assign thirteen grounds of error. We mention only those deemed of sufficient consequence to warrant comment.

■ It is argued that the court erred in admitting in evidence a photograph showing a knife lying where it was found by the officers after the crime. The knife was identified as the weapon used by defendant. The picture shows an officer pointing to it. The photograph was clearly admissible. Other photographs taken at the scene of the crime were admitted in evidence over objection that they were calculated to arouse the passions of the jurors. Photographs are not rendered inadmissible merely because they present vividly to the jury the details of a shocking crime. *Moya v. People*, 88 Colo. 139,

293 Pac. 335; *Reed v. Davidson Dairy Company,* 97 Colo. 462, 50 P. (2d) 532; *Martinez v. People,* 124 Colo. 170, 235 P. (2d) 810.

■ Counsel for defendant assert that the trial court erred in permitting the use of certain records kept by the Colorado Springs Day Nursery, in connection with the evidence of the witnesses McDonald and Dunwiddie. The former was the custodian of the records on the day of the trial and identified them as being those of the nursery under her charge. Mrs. Dunwiddie was the person in charge of the nursery at the time the records in question were made. She used them for the purpose of refreshing her memory. The records were not admitted in evidence and were not shown to the jury. The controversy over the use of the records stems from evidence offered by the district attorney to rebut testimony given by the defendant's mother. She stated that as a child defendant had suffered a very serious illness, running high fever, and that as a result of that illness his mentality and general disposition were noticeably affected. The district attorney called the witnesses McDonald and Dunwiddie to prove that at the time referred to by the mother, defendant was being cared for at the Day Nursery and that he suffered no such illness at that time. The witness Dunwiddie is the only person who actually made any reference to the content of the records, and no objection was made to any evidence given by her involving a reference to them. The court did not err in permitting limited use of such records as disclosed by the evidence in this case. Moreover, in the absence of objection to the specific testimony given by Mrs. Dunwiddie defendant cannot be heard to contend that he was prejudiced thereby. *Dockerty v. People,* 96 Colo. 338, 44 P. (2d) 1013.

■ It is argued that the court erred in the course of the sanity trial in admitting in evidence the fact that defendant escaped from jail four months following the

commission of the crime. This fact was first injected in the case by a psychiatrist who testified that it was his opinion that defendant did not have the mental capacity to refrain from doing wrong. He gave as one of the reasons for this conclusion the fact that defendant escaped from jail, the inference being that a person of sound mind would not attempt such an escape. Thus, by his own witness defendant opened the door to disclosure of the circumstances and details of the escape. Under such circumstances the jury was entitled to consider whether such conduct established a sound mind, or whether it reflected an inability to refrain from doing wrong. This assignment of error is without merit.

■ Counsel argue at some length that the testimony of psychiatrist, Dr. Carl Waggener, in which the opinion was expressed that defendant was sane, should have been excluded because in arriving at that conclusion he examined reports and records of examinations in which he had no part, and considered the conclusions of others. The record before us does not support this contention. Dr. Waggener asserted without equivocation that he formed his opinion concerning the mental condition of the defendant from his own personal examination and observation and was not influenced by information which was before him from any source other than his own investigation. The circumstances here are comparable to those considered in *Silliman v. People*, 114 Colo. 130, 162 P. (2d) 793, where it was held that a psychiatrist was not disqualified to express his opinion concerning the sanity of a defendant for the reason that he had some information from a source outside his own examination, if his opinion was not in any manner based upon that information. There was no error in receiving the testimony of Dr. Waggener.

■ With reference to the testimony of Dr. Conde it is contended that the trial court committed error in permitting him to express an opinion concerning the

mental capacity of the defendant based upon a hypothetical question. In *Martinez v. People,* supra, this court said, inter alia:

"The fairness of a hypothetical question is largely a matter resting in the discretion of the trial court, and a ruling thereon will not be ground for reversal in the absence of a showing of an abuse thereof. Wigmore on Evidence (3d ed.), section 682; *United States v. Aspinwall,* 96 F. (2d) 867. No such abuse of discretion is shown in this case."

The court correctly observed the law as applied in *O'Brien v. Wallace,* 137 Colo. 253, 324 P. (2d) 1028, and directed the attention of counsel to the fact that if the hypothetical question omitted some fact proven which he deemed important, by cross-examination he could incorporate the omission and fully explore the effect thereof, if any.

It is argued that the trial court committed error in denying a challenge to a juror for cause upon voir dire examination, the juror having stated that he had formed an opinion which would require evidence to remove. Prior to ruling on this challenge for cause, the trial court questioned the juror and at the conclusion thereof the juror stated that he would be able to determine the case on the evidence submitted and to put aside his pre-existing opinion. This juror was thereafter excused by the exercise of a peremptory challenge. There is no showing that all of the peremptory challenges to which defendant was entitled were exercised; nor was it shown that he was deprived of the right to challenge any other prospective juror because he was forced to exhaust his peremptory challenges to excuse the particular juror who had thus expressed himself. Assuming, without so deciding, that the court should have sustained the challenge for cause, under such circumstances there could be no prejudice to the rights of defendant resulting from the denial of that challenge. *Shank v.*

*People,* 79 Colo. 576, 247 Pac. 559. Moreover, we think the situation comes squarely within the provisions of C.R.S. 1953, 78-5-3, which reads as follows:

"No person summoned as a juror in a criminal case shall be disqualified to serve as such by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused; provided, the court shall be satisfied, from the examination of the juror or from other evidence, that he will render an impartial verdict, according to the law and the evidence submitted to the jury in the trial of such cause."

After a full and fair trial under the procedures established by the law, the defendant was found to be legally responsible for his conduct. The trial being free from error it is difficult to see how any other result could possibly follow upon trial of the issues raised by the plea of not guilty.

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS did not participate.