## No. 26531

## The People of the State of Colorado v. Richard L. McKay

(553 P.2d 380)

Decided August 23, 1976.

J. D. MacFarlane, Attorney General, Jean Dubofsky, Deputy, Edward G. Donovan, Solicitor General, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Allen J. Kincaid, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The appellant, Richard McKay, was charged in the Logan County District Court with unlawfully and feloniously selling a narcotic drug in violation of C.R.S. 1963, 48-5-20(1)(c).[1] He was found guilty by a jury and sentenced to four years probation. The appellant raises five alleged errors in this appeal as grounds for reversal. We affirm.

Two undercover agents contacted one Bill Houchin about a purchase of ten pounds of marijuana. Houchin had previously supplied the agents with a small quantity of marijuana. Houchin contacted the appellant and another to aid him in obtaining the marijuana. Later, the appellant and

---

[1]Now section 12-22-322, C.R.S. 1973.

Houchin met with the undercover agents, completed the transaction, and then were arrested by the agents. At trial both undercover agents testified against the appellant. One agent testified that the agents had agreed to pay $1,500 for the marijuana, plus an additional $320 which was owed from a previous drug transaction.

## I.

First, the appellant contends that the trial court erred in not allowing defense counsel to cross-examine one agent concerning a newspaper article written about the agent. It is not clear on what grounds defense counsel sought to introduce the evidence of the newspaper article. If it were an attempt to attack the agent's credibility, the appellant has failed to show how the results of the questioning would have impeached the agent's testimony. In the absence of such a showing of relevancy, the evidence was properly excluded. *Johnson v. People*, 171 Colo. 505, 468 P.2d 745 (1970). If the evidence was intended to show entrapment, it should have been presented in the appellant's case-in-chief, as the trial court ruled, since entrapment is an affirmative defense. Section 18-1-710, C.R.S. 1973.

## II.

Second, the appellant asserts that the trial court improperly denied a request, during voir dire, to dismiss for cause three jurors who had read "something" about the case in the newspaper. We note that all of the jurors indicated that what they had read would not influence their decision in any way. Further, at least one juror was removed by a peremptory challenge. At most, then, only two jurors who had read about the case remained on the jury.

The Rules of Criminal Procedure provide that no juror should be dismissed for cause if the court is satisfied that the juror will render an impartial verdict. Crim. P. 24(b)(1)(X). The record contains no evidence that any juror was prejudiced by having read anything in the newspaper, thus the denial of a challenge for cause was clearly within the trial court's discretion. *See People v. McCrary,* 190 Colo. 538, 549 P.2d 1320 (1976); *People v. Simmons,* 183 Colo. 253, 516 P.2d 117 (1973). In any event, two of the appellant's allotted peremptory challenges were unused and thus the appellant has failed to show how he was harmed. *Skeels v. People,* 145 Colo. 281, 358 P.2d 605 (1961).

## III.

Third, the appellant contends that the trial court erred in denying a motion for a mistrial based on the admission into evidence of references to another transaction. Specifically, the appellant asserts that the agent's testimony concerning the $320 owed from a previous transaction should not have been admitted.

Of course, the general rule is that proof of separate and distinct transactions is inadmissible. But there are exceptions under which such

evidence may be admitted. Evidence is admissible to explain the entire criminal transaction. *People v. Geller*, 189 Colo. 338, 540 P.2d 334 (1975); *People v. O'Donnell*, 184 Colo. 104, 518 P.2d 945 (1974). Since the amount of money paid by the agents was a relevant item of proof, it was necessary to account for the "extra" $320. Therefore, it was not error to deny the motion for a mistrial.

## IV.

Fourth, the appellant contends that the conduct of the district attorney denied the appellant a fair trial. The appellant asserts that *prior* to trial the district attorney made statements implying that the appellant was not entitled to a jury trial since he should have plead guilty. Also, the appellant contends that the district attorney made certain other improper comments. The district attorney denied making such statements.

While certain prosecutorial misconduct may result in a denial of a fair trial, the nature of the misconduct must have affected the trial process itself. *Lee v. People*, 170 Colo. 268, 460 P.2d 796 (1969). Here, the statements attributed to the district attorney about a jury trial were made, if at all, some time before the trial, and certainly were not communicated to or made known to the judge. The appellant *did* have a jury trial, and since he has made no showing how the other alleged statements affected the trial process, it cannot be said that appellant was denied a fair trial.

## V.

Lastly, the appellant argues that the charge should have been dismissed because the statute under which the appellant was convicted, and the "simple sale" statute, C.R.S. 1963, 48-5-2,[2] provide different penalties for the same conduct. The appellant asserts that the statutes deny equal protection of the laws. In *People v. Bowers*, 187 Colo. 233, 530 P.2d 1282 (1975), we specifically rejected the identical equal protection challenge raised here. We adhere to the reasoning and decision in the *Bowers* case.

The judgment is affirmed.

MR. JUSTICE LEE does not participate.

---

[2]Now section 12-22-302, C.R.S. 1973.