## 33750. DORSEY v. WILLIS.

NICHOLS, Chief Justice.

Dorsey's application was granted to review the judgment denying his petition for the writ of habeas corpus.

His conviction for armed robbery was affirmed in *Dorsey v. State,* 236 Ga. 591 (225 SE2d 418) (1976). His life

sentence subsequently was reduced to 20 years by the Superior Court Review Panel pursuant to Code Ann. § 27-2511.1.

The single issue presented for decision is whether the trial court erred during the presentence hearing by considering the statement of Dorsey's co-conspirator, Lee Otis Green, although the statement had been determined to be inadmissible in a Jackson-Denno hearing conducted during the guilt-innocence phase of the trial. Prior to imposing sentence, the trial court stated from the bench: "In the first place, I know that you were not under the influence of drugs to the extent that you didn't know what you were doing. I have had the benefit of the statement that was made by Green to the officers; the jury didn't have the benefit of that statement because it was not admissible in evidence. But, of course, I know what he said about how you planned it, where you got the gun from, and what happened when you went in that store, and I know you all three knew what you were doing. You knew what you were doing; you deliberately set out to rob these people, and you did it."

Although Code Ann. § 27-2503 requires the trial court to conduct a presentence hearing during which the court is required to hear "additional evidence in extenuation, mitigation and aggravation of punishment," this does not mean, of course, that he must exclude from his consideration the facts and circumstances of the crime as revealed to him by evidence properly admitted during the guilt-innocence phase of the trial. *Muckle v. State,* 233 Ga. 337, 338 (2) (211 SE2d 361) (1974); *Brown v. State,* 235 Ga. 644, 647 (3) (220 SE2d 922) (1975); *Ingram v. State,* 134 Ga. App. 935, 939 (8) (216 SE2d 608) (1975); United States v. Grayson, — U. S. — (98 SC 2610, 57 LE2d 582) (1978). On the other hand, the trial court is not authorized by the presentence hearing statute to consider *in aggravation* mere rumors concerning the conduct of the defendant. *Ingram v. State,* supra; *Pounds v. State,* 136 Ga. App. 852, 853 (6) (222 SE2d 629) (1975).

This court does not reach the questions of whether or not the trial court's consideration of the co-conspirator's statement denied Dorsey's rights to due process and to

confront a witness against him because the decision in the present appeal is controlled by more basic precepts concerning presentence hearings. Code Ann. § 27-2503(a) states that "Only such evidence *in aggravation* as the State has made known to the defendant prior to his trial shall be admissible." (Emphasis supplied.) In *Munsford v. State,* 235 Ga. 38, 44-46 (218 SE2d 792) (1975), error was assigned upon the trial court's having considered during the presentence hearing certain presentence investigation reports prepared by the probation officers of the circuit. The reports had not been offered by the district attorney. Rather, they had been requested by the court. Code Ann. §§ 27-2709 and 27-2710 provide for such reports. This court held that although nothing in those sections requires the contents of such reports to be made known to counsel, the trial court nonetheless should exercise a sound discretion as to whether to reveal the contents of such reports to counsel for the defendant and for the state. In reaching that result, the court said: "[I]f a pre-sentence report contains any matter adverse to the defendant and likely to influence the decision to suspend or probate the sentence, it should be revealed to defense counsel *by the trial judge* in advance of the presentence hearing to give the accused an opportunity for explanation or rebuttal." (Emphasis supplied.) 235 Ga. at p. 45.

Analagous considerations are involved in the present case. When the trial court intends to consider matters *in aggravation* that were ruled inadmissible during the guilt-innocence phase of the trial, he must inform defense counsel and the prosecution of his plans in this regard *before* the presentence hearing. Absent such notice from the trial court judge, the defense and the prosecution cannot adequately prepare their cases or summon their witnesses for the presentence hearing. The case at bar is a sterling example. Had defense counsel known that the court would consider the co-conspirator's statement during the sentencing phase of the trial, despite the fact that the statement previously had been excluded from evidence after a Jackson-Denno hearing conducted during the guilt-innocence phase, he could have been prepared to subject the co-conspirator to

searching cross examination during the presentence hearing. As events transpired, however, it was not until the court's statement from the bench, just one trial transcript page before the pronouncement of sentence, that defense counsel first became aware the court was considering the contents of the statement in setting his client's sentence.

The judgment of the habeas court is reversed in accordance with Code Ann. § 27-2503 (a) so the case may be remanded to the trial court for a resentencing hearing.

*Judgment reversed. All the Justices concur, except Bowles, J., who dissents.*

ARGUED JULY 10, 1978 — DECIDED OCTOBER 4, 1978.

*A. Glen Steedley, Jr.,* for appellant.
*Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.