The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ralph WRIGHT, Defendant-Appellant.

No. 82SA55.

Supreme Court of Colorado, En Banc.

Nov. 29, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Linda Hotes, Deputy State Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Justice.

Defendant, Ralph Wright, appeals his jury convictions of second degree assault and second degree kidnapping, in violation of sections 18–3–203 and 18–3–302, C.R.S. 1973 (1978 Repl.Vol. 8), respectively. Defendant contends that (1) the trial court erroneously denied his challenge of a prospective juror for cause; (2) the sentence enhancement provision of the criminal sentencing statute, section 18–1–105(6), C.R.S. 1973 (1978 Repl.Vol. 8) (1982 Cum.Supp.), is impermissibly vague; (3) the trial court erred in refusing to grant defendant's request to continue the sentencing hearing; and (4) the trial court abused its discretion in sentencing defendant.[1] We affirm the judgment of the trial court but vacate defendant's sentence.

At trial, it was undisputed that the victim of defendant's allegedly unlawful conduct was a prostitute and that defendant was her pimp. During voir dire, potential jurors were examined about their reactions to these facts. One prospective juror indicated a strong aversion to prostitution. Defendant moved to excuse the juror for

---

1. As a result of the asserted constitutional challenge, this appeal was transferred from the Court of Appeals. *See* §§ 13–4–102(1)(b) and 13–4–110(1)(a), C.R.S.1973.

cause, which motion was denied. Defendant then excused the juror by means of a peremptory challenge, and subsequently exhausted his remaining peremptory challenges.

Upon defendant's convictions, the trial court set a sentencing hearing for November 7, 1980, and ordered the El Paso County Probation Department to prepare a presentence report. Defense counsel obtained a copy of the report, dated November 6, 1980, on the morning of November 7. The report recommended sentencing "within the range provided by aggravated circumstances."[2] When defense counsel moved for a continuance of the sentencing hearing, the trial court continued the matter until 1:30 p.m. that day. At the conclusion of the hearing, the trial court found that a sentence in excess of the presumptive range was warranted and imposed a sentence of eight years, plus one year of parole, on each count, such sentences to be served concurrently.

## I. *Voir Dire*

Defendant first contends that the trial court erred in denying his voir dire challenge of the prospective juror who expressed aversion to the occupations of defendant and the victim. We find no error in the trial court's ruling.[3]

■ It is well settled that the decision to grant or deny a challenge for cause is committed to the sound discretion of the trial court. *People v. McKay,* 191 Colo. 381, 553 P.2d 380 (1976). Such decision will not be disturbed on appeal absent an abuse of that discretion. *People v. McCrary,* 190 Colo. 538, 549 P.2d 1320 (1976).

The prospective juror was questioned extensively by the trial court, by defense counsel and by the prosecuting attorney regarding her feelings about prostitution and pimping. In response to initial questioning by the trial court, she volunteered that "[b]ecause of the profession of the two parties, I don't think I could be fair to either one." When asked whether that aspect of the case would actually influence her in reaching a verdict, however, she replied: "I don't think I would be unfair, but it just would constantly go through my mind." She also agreed that she could listen to all the evidence to determine the facts, and could apply the law, as instructed, to those facts to arrive at a verdict. At another point, responding to questions by defense counsel, she stated that defendant's profession would not influence her and that defendant "would get a fair chance just as well as [the complaining witness] would, but just the same I'm against the whole thing."

■ Although the potential juror's responses reflected some ambivalence about her service, the fact that she openly and candidly discussed her distaste for one facet of the case was not sufficient to result in her automatic exclusion. The test is whether she would render a fair and impartial verdict based on the evidence presented at trial and the instructions given by the court. *Beeman v. People,* 193 Colo. 337, 565 P.2d 1340 (1977). The trial court concluded that the juror's distaste for prostitution and pimping would not render her biased for or against either party and that she would base her decision only on the evidence presented and the instructions of law given

**2.** Section 18–1–105(1)(a), C.R.S.1973 (1978 Repl.Vol. 8) (1982 Cum.Supp.), prescribes a presumptive sentence of two to four years incarceration plus one year of parole for all class four felonies, which both of these offenses are. Upon finding "extraordinary" aggravating circumstances, however, a trial court may impose a definite sentence in excess of the maximum term of the relevant presumptive range, not to exceed twice such maximum, plus one year of parole. Section 18–1–105(6), C.R.S.1973 (1978 Repl.Vol. 8) (1982 Cum.Supp.).

**3.** The People have not contended that defendant failed to affirmatively establish prejudice to his rights resulting from the denial of the challenge for cause. Therefore, we do not consider the significance of the fact that defendant, though exhausting his peremptory challenges, did not indicate any objection to the final juror selected. *Compare People v. Silvola,* 190 Colo. 363, 547 P.2d 1283, *cert. denied,* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976), *and Skeels v. People,* 145 Colo. 281, 358 P.2d 605 (1961), *with People ex rel. R.A.D.,* 196 Colo. 430, 586 P.2d 46 (1978).

by the court. While opposite conclusions might have been reached, the evidence supports the trial court's conclusion. Finding no abuse of discretion, we affirm the ruling. *See People v. Beeman, supra; People v. McCrary, supra.*

## II. *Enhanced Sentencing Statute*

■ Defendant next asserts that the sentence enhancement provision of the determinate sentencing statute, section 18–1–105(6), C.R.S.1973 (1978 Repl.Vol. 8) (1982 Cum.Supp.), is unconstitutionally vague because it fails to indicate precise standards for imposition of an enhanced sentence. Defendant argues that the statute must enumerate which factors must be present in order to render the circumstances "extraordinarily aggravating" rather than "aggravating." A similar argument was rejected by this court in *People v. Phillips,* 652 P.2d 575 (Colo.1982); that case is dispositive of this issue.

## III. *Motion to Continue Sentencing Hearing*

■ Defendant also contends that the trial court abused its discretion in failing to continue the sentencing hearing to some future date. We agree.

The initial sentencing hearing was scheduled to commence at 10:00 a.m. on November 7, 1980. Defense counsel received a copy of the presentence report at 8:30 a.m. that day. He promptly informed the court that he was surprised that the probation department and the prosecution recommended the imposition of an enhanced sentence. He then moved for a continuance of the sentencing hearing to discuss the report with his client and "to marshal evidence." He also requested more specific notice of the reasons why an "aggravated sentence" was recommended. The trial court postponed the hearing until 1:30 p.m. that day. At the commencement of the afternoon hearing, defense counsel informed the trial court that he had not had sufficient time to

obtain character evidence, to investigate certain statements in the presentence report attributed to defendant's prior parole officer, or to discover and present statistics concerning other enhanced sentences imposed in the jurisdiction.

Section 16–11–102(1), C.R.S.1973 (1978 Repl.Vol. 8) (1982 Cum.Supp.), of the criminal sentencing statute requires the preparation of a presentence report prior to the imposition of any sentence, and states: "Within a reasonable time prior to sentencing, copies of the presentence report . . . shall be furnished to the prosecuting attorney and defense counsel or to the defendant if he is unrepresented."[4] Section 16–11–102(5) requires the trial court, prior to imposing punishment, to permit the defendant to make a statement "in his own behalf" and to "present any information in mitigation of punishment." *See also* Crim.P. 32(b). The information and recommendations presented to a trial court by its probation department in connection with sentencing hearings are of great importance to the trial judge's ultimate sentencing decision. *See Wolford v. People,* 178 Colo. 203, 496 P.2d 1011 (1972). The information articulated in such report necessarily is often of a hearsay nature. Such reports also contain references to interviews with the subject defendant about the offense and other pertinent matters. The report is not designed to further the sentencing interests of either the prosecution or the defendant; rather, it is in the nature of an evaluation and recommendation by an impartial expert in the field of effective sentencing alternatives. In recognition of the important role accorded the conclusions of the evaluators preparing such report, the statutory and rule provisions require a defendant to be given a reasonable opportunity prior to the imposition of sentence to correct or supplement the information contained therein and to rebut sentencing recommendations based thereon. *Wolford v. People, supra.* See also *United States v. Needles,* 472 F.2d 652

---

4. Section 16–11–102(1), C.R.S.1973, was amended in 1981. The 1981 amendment, however, does not affect the substantive merit of defendant's claim. The statute in effect at the time of defendant's sentencing may be found at 1977 Colo.Sess.Laws, ch. 216, § 3 at 862–63.

(2d Cir.1973); *Dorsey v. Willis,* 242 Ga. 316, 249 S.E.2d 28 (1978). Such provisions are necessary to ensure meaningful participation by the defendant in the sentencing process.

In this case, the presentence report was not furnished to defendant within a sufficiently reasonable time prior to the sentencing hearing to permit adequate participation by defendant in such hearing. It contained factual material which defendant contends was both inaccurate and irrelevant. The brief postponement did not provide defendant a reasonable opportunity to present character evidence in mitigation of punishment, as required under the statute, in view of the fact that some of the witnesses deemed necessary by defendant to rebut matters contained in the report resided outside the county in which the trial was held.

The practice of issuing a presentence report to counsel immediately prior to sentencing too often requires delay in sentencing proceedings to avoid prejudice to the defendant; it is not to be encouraged. Here, the trial court's refusal to continue the sentencing hearing to another day unduly abridged defendant's rights to present evidence in rebuttal to the information and recommendations contained in the presentence report. Accordingly, his sentence must be vacated and the case remanded for resentencing after a full sentencing hearing.

In view of this decision, we do not address defendant's contentions that the sentence must be vacated because the trial court failed to distinguish between "aggravating" and "extraordinarily aggravating" circumstances in the findings of fact articulated in support of the imposition of a sentence in excess of the presumptive range.

The judgment of conviction is affirmed. The sentence is vacated and the cause is remanded for further proceedings consistent with this opinion.