The PEOPLE of the State of
Colorado, Petitioner,

v.

Robert SANDOVAL, Respondent.

No. 85SC340.

Supreme Court of Colorado,
En Banc.

Feb. 17, 1987.

Rehearing Denied March 23, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for petitioner.

David F. Vela, Colorado State Public Defender, Peggy O'Leary, Deputy State Public Defender, Denver, for respondent.

KIRSHBAUM, Justice.

In *People v. Sandoval,* 710 P.2d 1159 (Colo.App.1985), the Court of Appeals reversed the conviction of the defendant, Robert Sandoval, of the offense of manslaughter on the ground that the trial court's denial of the defendant's challenge for cause of a potential juror was erroneous and prejudicial. Having granted certiorari to review that decision, we reverse the judgment of the Court of Appeals and remand the case with directions to reinstate the judgment of conviction.

I

On Thanksgiving Day, 1982, the defendant attended a party at an apartment occupied by some of his friends. The day's activities included drinking beer and shoot-

ing at targets. The defendant participated in these activities and also engaged in arguments with other guests. That evening the defendant went to a bar across the street with others from the party. When he left the bar and began to walk toward his parked van, it was struck by three bullets apparently fired from the apartment.

The defendant went to the apartment and confronted the occupants, some of whom had left the bar before the defendant. The defendant accused them of shooting at his van and then left the apartment. He drove away, but soon returned, removed a chain saw from the van, and went into the apartment. A fight broke out, during which the defendant stabbed Arnold Botello with a knife. Botello died from the wounds.

Police officials were summoned. One of the officers who initially arrived at the scene testified at trial that when he asked those present what happened the defendant stated, "I stabbed him." Another investigating officer testified that the defendant stated that he had returned to the apartment "to cut them up" with his chain saw, that he could not start the saw and that he then got a knife from the kitchen and stabbed the victim. The defendant testified that he had returned to the apartment to seek reimbursement for the damages to · his van and intended to use the saw to cut up furniture in the apartment if he were not repaid. The defendant also testified that the police officer's recollection of the conversation concerning the intended use of the chain saw was mistaken.

During the voir dire proceeding, a potential juror who had already been examined by counsel indicated to the trial court that he wished to discuss a matter that perhaps should be considered outside the presence of the other potential jurors. In view of the potential conflicts in the evidence, the attorneys for the People and for the defendant were aware that the jury's assessment of witness credibility would constitute an important aspect of the trial; for this reason, a relatively lengthy *in camera* proceeding to explore the matters raised by those comments was conducted. The potential juror volunteered that he had a great deal of respect for police officers; that his brother, a fireman, had several friends who were police officers; that while he did not socialize with any police officers, he felt they had no reason to testify falsely under oath; and that if several police officers said the same thing and their testimony was consistent, it would "take something mighty convincing" on the part of the defendant to convince him "otherwise." The potential juror also indicated that he would not believe something solely because a police officer testified to it, that he would subject all of the witnesses to the same test of credibility, and that he would do his best to follow the trial court's instructions regarding credibility.

The defendant requested that this person be excused from the jury panel for cause, which request was denied by the trial court.[1] The Court of Appeals reversed the judgment of conviction on the ground that the trial court abused its discretion in denying the challenge for cause.

## II

■ Trial by an impartial jury is essential to a defendant's right to a fair trial. *E.g., Irvin v. Dowd,* 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); *People v. Russo,* 713 P.2d 356 (Colo.1986); *Maes v. District Court,* 180 Colo. 169, 503 P.2d 621 (1972). To ensure that the jury is impartial, the trial court must sustain a challenge for cause of a potential juror if there exists a "state of mind in the juror evincing enmity or bias toward the defendant or the state." § 16–10–103(1)(j), 8A C.R.S. (1986). However, if the court is satisfied that the potential juror will render a fair and impartial verdict according to the law and to the evidence submitted at trial, that person should not be disqualified. § 16–10–103(1)(j); Crim.P. 24(b)(1)(X).

---

1. The defendant exercised a peremptory challenge to excuse this potential juror and asked

the trial court for an additional peremptory challenge. The trial court denied this request.

Trial courts are afforded broad discretion in deciding whether to grant or deny a challenge for cause to a potential juror, and a decision denying such a challenge will be set aside only when the record discloses a clear abuse of that discretion. *People v. Russo,* 713 P.2d 356; *People v. Wright,* 672 P.2d 518 (Colo.1983); *People v. Taggart,* 621 P.2d 1375 (Colo.1981); *People v. McKay,* 191 Colo. 381, 553 P.2d 380 (1976). This standard recognizes that the trial judge is the only judicial officer able to assess fully the attitudes and state of mind of a potential juror by personal observation of the significance of what linguistically may appear to be inconsistent or self-contradictory responses to difficult questions. *See People v. Russo,* 713 P.2d 356; *People v. Abbott,* 690 P.2d 1263 (Colo.1984); *People v. McCrary,* 190 Colo. 538, 549 P.2d 1320 (1976); *Beeman v. People,* 193 Colo. 337, 565 P.2d 1340 (1977).

■ An expression of concern by a potential juror regarding some facet of the case or about jury service should not result in the automatic exclusion of such person for cause. *People v. Taggart,* 621 P.2d 1375. In some situations, the statements may simply reflect an honest effort to express feelings and convictions about matters of importance in an emotionally charged setting. It is the trial court's prerogative to give considerable weight to a potential juror's statement that he can fairly and impartially serve on the case. *People v. Russo,* 713 P.2d 356; *People v. Abbott,* 690 P.2d 1263; *People v. Wright,* 672 P.2d 518.

■ The defendant emphasizes several of the statements made by the potential juror during the voir dire process to support the argument that the potential juror invariably would have believed the testimony of a police officer in the face of contradictory testimony given by a nonpolice witness. Certainly a fair and impartial juror must be free from stereotypical biases, whether they be directed toward automatic acceptance or automatic rejection of testimony based solely on the status of a witness. *See People v. Vigil,* 718 P.2d 496

(Colo.1986); *People v. Holcomb,* 187 Colo. 371, 532 P.2d 45 (1975). The defendant also relies on certain colloquy between his attorney and the potential juror to support the argument that the juror would have required the defendant to establish his own innocence.

■ If the statements and responses emphasized by the defendant were the only ones contained in the record, the defendant's position would be most persuasive. However, other portions of the transcript of the voir dire proceeding indicate that this person may well have had an open, unbiased and quite conscientious state of mind. With respect to the question of the prosecution's responsibility for proving the guilt of a defendant, he stated that "I realize the whole theory is that the person is innocent until guilty, and, okay, I agree with that, and if I was in a situation where I was charged with something, I would want that same privilege." The potential juror stated that he would do his best to follow the court's instruction regarding examination of the credibility of both police and nonpolice witnesses; agreed that he would put all witnesses to the same credibility test and would not assess credibility solely on the fact that a witness might hold a position of authority; stated that he recognized that police officers "can be wrong too"; and stated that he would not believe something solely because a police officer testifies to that effect, but rather would assess whether the officer knows "what [he] is talking about." The potential juror also stated that he would be able to find the defendant not guilty if the defendant did not testify and would not hold against him his failure to testify.

This potential juror voluntarily invited extended exploration of his feelings and attitudes in an effort to be fair to the defendant. His responses and statements were at times inconsistent. The responses do not, however, reveal that fixed predisposition to shift the burden of proof to the defendant which would require the potential juror's removal from the panel for cause. *See People v. Marquez,* 692 P.2d

**322**

1089 (Colo.1984) (no abuse of discretion to deny challenge for cause where juror thought both sides of case should be set forth before she could make a determination). The trial court listened to and participated in the lengthy voir dire, observed the potential juror's demeanor and concluded that the potential·juror would apply the instruction on credibility to police officers as well as to nonpolice witnesses. The trial court considered the sometimes inconsistent representations of attitude indicated by all of the responses to numerous questions and concluded that on balance the potential juror did not have any prejudice or bias for or against any party. While the trial court might well have granted the defendant's challenge for cause, we can find no abuse of discretion in the decision to deny the challenge under all of the circumstances disclosed by the record. *See People v. Vigil*, 718 P.2d 496, 501 (Colo.1986) (no abuse of discretion to deny challenge for cause where juror inclined to give more weight to police testimony because his brother was a police officer).

Accordingly, the judgment of the Court of Appeals is reversed and the case is remanded with directions to reinstate the trial court's judgment of conviction.

DUBOFSKY, J., does not participate.