The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Douglas James GOODPASTER, James Cecil Goodpaster, and Kinan Dean Burk, Defendants-Appellants.

Nos. 85CA0253, 85CA0302 and 85CA0303.

Colorado Court of Appeals, Div. II.

April 16, 1987.

Rehearing Denied May 21, 1987.

Certiorari Denied (Goodpaster) Sept. 14, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendants-appellants.

KELLY, Judge.

The defendants, Douglas James Goodpaster, James Cecil Goodpaster, and Kinan Dean Burk, appeal their convictions for obstructing a peace officer and, additionally, in Burk's case, of second degree assault. The defendants contend, among other things, that they were denied their statutory speedy trial rights and that the trial court erred in denying their challenge for cause to a potential juror. We affirm.

The defendants were arrested in January 1983 during a disturbance at a farm foreclosure sale in southeastern Colorado. Their first trial ended in a mistrial in September 1983, and a series of delays, including an interlocutory appeal to the supreme court by the defendants, caused two retrial dates to be continued. After the trial court granted the second trial continuance, the defendants moved to dismiss all charges, alleging a violation of their statutory speedy trial rights. The trial court denied the motions, and the trial began on October 22, 1984.

During jury selection, a potential juror revealed that she was related to two members of the Baca County Sheriff's Posse who had been earlier called to duty to assist regular law enforcement officers in quelling the disturbance involving the defendants. *See* § 30–10–516, C.R.S. (1986 Repl. Vol. 12A) and § 16–3–202, C.R.S. (1986 Repl. Vol. 8A).

The defendants challenged the juror for cause based on her close relationship with the posse members, but the trial court denied the challenge. The defendants then used a peremptory challenge to remove her from the panel, and they subsequently used all of their other peremptory challenges. This appeal followed the defendants' convictions.

## I.

The defendants contend that they were denied their statutory right to a speedy trial. They argue that they initiated no other delays after waiving their speedy trial rights in November 1983. They also assert that the trial court erred in granting the second continuance because it did not meet the requirements of § 18–1–405(6)(g)(II), C.R.S. (1986 Repl. Vol. 8B) and Crim.P. 48(b)(6)(VII)(B). We disagree.

## A.

The statute and rule guaranteeing the right to a speedy trial excludes from the time period any delays "caused at the instance of the defendant[s]." Section 18–1–405(6)(f), C.R.S. (1986 Repl.Vol. 8B); Crim.P. 48(b)(6)(VI); *Saiz v. District Court*, 189 Colo. 555, 542 P.2d 1293 (1975). The statutory period is also tolled by any interlocutory appeal initiated by either the prosecutor or the defendants. Section 18–1–405(6)(b), C.R.S. (1986 Repl.Vol. 8B); Crim.P. 48(b)(6)(II).

The trial court may also extend the period of delay, without the defendants' consent, for up to six months if it grants the prosecutor's motion for a continuance to allow additional time to prepare a felony case. The additional time must be justified by exceptional circumstances. The trial court has discretion to grant the continuance, but it must enter specific findings on the record with respect to the prosecuting attorney's justification. Section 18–1–405(6)(g)(II), C.R.S. (1986 Repl. Vol. 8B); Crim.P. 48(b)(6)(VII)(B); *People v. Koolbeck*, 703 P.2d 673 (Colo.App.1985).

Following the mistrial, the six-month speedy trial period again began to run after the final hearing in November 1983, and would have expired in early May 1984. The trial court had set the retrial date for March 26, 1984, but in February 1984, the prosecutor successfully moved to commit the Goodpasters to the state hospital for a competency examination. The Goodpasters immediately filed an interlocutory appeal in the supreme court, which issued a stay of the proceedings.

These proceedings caused a stay of approximately 45 days, thereby extending the statutory deadline to June 21, 1984, independent of any other delays created by the defendants. Although Burk did not participate in the interlocutory appeal, a reasonable period of delay is chargeable against Burk by virtue of his status as a co-defendant and there being no good cause for granting a severance. *See* § 18–1–405(6)(c), C.R.S. (1986 Repl. Vol. 8B); Crim.P. 48(b)(6)(III). While the stay was in effect, the defendants and the prosecutor moved separately to vacate the March trial date and, by mutual agreement, it was reset for August 6, 1984.

During the same period, the Goodpasters moved successfully to recuse the judge and the special prosecutor. Another judge was appointed on April 27, 1984; however, because the rural community at which trial was held is so remote, a new prosecutor was not appointed until June 5, 1984.

Thus, the defendants' contention that they were not chargeable with any delays after November 7, 1983, is without merit. Section 18–1–405(6)(b), (c) and (f), C.R.S. (1986 Repl. Vol. 8B); *Saiz v. District Court, supra.*

Also without substance is their argument that the combined request to va-

968

cate the March 26 trial date was not, in effect, a request for a continuance. *See Tasset v. Yeager*, 195 Colo. 190, 576 P.2d 558 (1978); *People v. Rogers*, 706 P.2d 1288 (Colo.App.1985).

B.

On June 11, still within the permissible time period, the newly-appointed special prosecutor moved to continue the August trial date. The exceptional circumstances stated in his motion included the late date on which he was appointed, the distance which he had to drive from Denver (approximately 250 miles one way), the necessity to interview the witnesses and to review records of prior proceedings, and the need to learn the use of video equipment to review tapes taken during the incident. In granting the continuance and resetting the trial date to October 22, 1984, the trial court entered no specific findings other than the adoption, by reference, of the exceptional circumstances set forth as justification in the prosecutor's motion.

We find the justification reasonable under the circumstances of this case and conclude that the continuance meets the technical requirements of the statute and the rule. Section 18-1-405(6)(g)(II), C.R.S. (1986 Repl. Vol. 8B); Crim.P. 48(b)(6)(VII)(B).

II.

The defendants contend that the trial court erred in denying their challenge for cause of the juror who admitted a close family relationship with the sheriff's posse members. We disagree.

The trial court has wide discretion in determining whether to grant a challenge for cause. Crim. P. 24; § 16-10-103, C.R.S. (1986 Repl. Vol. 8A); *People v. Sandoval*, 733 P.2d 319 (1987); *People v. Abbott*, 690 P.2d 1263 (Colo.1984). "The ultimate test to be applied in determining whether a juror should be dismissed for cause," including one who has a close family relationship with law enforcement officers, "is whether it appears that the juror would render a fair and impartial verdict based on the evidence presented at trial

and the instructions given by the court." *People v. Vigil*, 718 P.2d 496 (Colo.1986).

Absent a clear showing of abuse of discretion, the court's decision to deny a challenge for cause will not be disturbed if the record establishes that it has conducted a careful inquiry into the juror's relationship with law enforcement officers and was satisfied with her assurances of impartiality. *People v. Sandoval, supra; People v. Vigil, supra.*

Since the record establishes here that the trial court conducted the requisite inquiry and was satisfied with the juror's specific assurances that she could render a fair and impartial verdict, we conclude that it did not abuse its discretion in denying the challenge for cause. *People v. Vigil, supra.*

We have reviewed the record and the briefs and hold that the defendants' remaining issues on appeal are without merit.

Judgments affirmed.

SMITH and STERNBERG, JJ., concur.