**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**James E. DOOLEY, Defendant–Appellant.**

**No. 95CA0198.**

Colorado Court of Appeals,
Div. IV.

Jan. 23, 1997.

Rehearing Denied March 6, 1997.

Certiorari Denied Oct. 20, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Lynne Delisi Oliva, Special Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Frances S. Brown, Chief Deputy Public Defender, Denver, for DefendantAppellant.

Opinion by Judge CASEBOLT.

Defendant, James Dooley, appeals the judgment of conviction entered upon a jury verdict finding him guilty of first degree murder. We affirm.

Defendant and the victim were involved in an on-again, off-again romantic relationship over a period of a year. The victim spent most of the year moving back and forth between the defendant's household and that of her husband. Defendant revealed his displeasure with this situation by telling a co-worker that he felt as if he should kill both the victim and her husband, even though that would leave the victim's child an orphan.

Shortly after the victim moved into a separate apartment, defendant visited her. After several hours of conversation, defendant requested the victim to come and sit by him. The victim responded that she did "not want to be his whore anymore," walked into the kitchen, and sat down at a typewriter. The defendant stood up, put on his coat and hat, and started to leave. However, he instead went into the kitchen, ripped the paper out of the typewriter, and then stabbed the victim thirty-three times, killing her.

The defendant sought to establish at trial that he had killed the victim while acting under a sudden heat of passion. Prior to trial, however, the trial court ruled that, to establish heat of passion under § 18–3–104(1)(c), C.R.S. (1986 Repl.Vol. 8A) (repealed and reenacted as § 18–3–103(3)(b), C.R.S. (1996 Cum.Supp.) effective July 1, 1996), defendant had to introduce evidence that tended to show that the victim's actions were sufficient to provoke heat of passion in an objectively reasonable person. Based upon this ruling, defendant's experts refused to testify that the victim's actions would have provoked an objectively reasonable person to kill under a sudden heat of passion.

At the conclusion of the case, the trial court instructed the jury on the elements of first and second degree murder, but it refused defendant's request to instruct on heat of passion manslaughter, holding that there was no evidence that the defendant had acted in response to a legally sufficient provoking act of the victim. This appeal followed.

I.

Defendant first asserts that the trial court erroneously applied an objective reasonable person standard for heat of passion manslaughter which deprived him of his right to that defense. We disagree.

Determining the issue presented requires review and construction of § 18–3–104(1)(c), C.R.S. (1986 Repl.Vol. 8A). In so doing, our central purpose is to ascertain and give effect to the intent of the General Assembly. To determine that intent, we look first to the language of the statute itself. When that language is clear so that its intent can be discerned with reasonable certainty, there is no need to resort to other rules of statutory interpretation. Furthermore, we must avoid constructions that would defeat an obvious purpose of a statute and must adopt an interpretation that gives consistent, harmonious, and sensible effect to all of the statute's provisions. *People v. Wiedemer*, 852 P.2d 424 (Colo.1993); *Colorado State Board of Medical Examiners v. Saddoris*, 825 P.2d 39 (Colo.1992).

■ Under § 18–3–104(1)(c), a person commits the crime of heat of passion manslaughter if, under certain circumstances, he or she knowingly causes the death of another person. For the offense to be demonstrated, the evidence must establish that: (1) the act causing the death was performed upon a sudden heat of passion; (2) caused by a serious and highly provoking act of the intended victim; (3) which was sufficient to excite an irresistible passion in a reasonable person; and (4) between the provocation and the killing, an insufficient interval of time passed for the voice of reason and humanity to be heard. *People v. Garcia*, 826 P.2d 1259 (Colo.1992).

■ Defendant argues that the "reasonable person" element of the heat of passion test means a subjective, "reasonable person standing in the shoes of the defendant," and not an objectively reasonable person. In effect, defendant asserts that the correct inquiry is not whether the victim's action would have caused an objectively reasonable person to experience a sudden heat of passion, but whether another person possessing defendant's personality traits-here, chronic mild depression and polysubstance abuse-would also have been provoked to act in a heat of passion.

In support of this argument defendant notes that at least one of his proposed expert witnesses would have testified that a "reasonable person" with defendant's subjective, personal traits and characteristics would have suffered an irresistible passion to kill as a result of the victim's actions. We decline to adopt defendant's interpretation.

To satisfy the first element of § 18–3–104(1)(c), there must be some evidence to

show that the particular defendant, *in fact*, acted upon a sudden heat of passion. The third element then adds the supplementary requirement that the provoking act was of such character that it would "excite an irresistible passion in a reasonable person...." A logical reading of these two elements is that, even if a particular defendant was provoked to kill in a sudden heat of passion, the evidence must *also* establish that an objectively reasonable person would have similarly suffered an irresistible passion to kill.

Thus, the first element embodies a subjective inquiry in that it permits the defendant to demonstrate that he or she, in fact, acted upon a sudden heat of passion. To prove this element, a defendant may introduce evidence to confirm that he or she acted under a heat of passion, regardless of whether an objective, reasonably prudent person would have acted in a heat of passion if faced with the same provocation. However, since the first element embraces a subjective inquiry, to adopt defendant's interpretation of "reasonable person" in the third element as also being subjective would make the third element repetitive and effectively render it meaningless. Such a construction should be avoided. *See Colorado State Board of Medical Examiners v. Saddoris, supra.*

Hence, the only reading of "reasonable person" that harmonizes and gives sensible effect to all of the statute's provisions is one that interprets the term to mean an objectively reasonable individual and not a subjectively reasonable one possessing the individual defendant's personality traits or defects.

In addition, common sense weighs against the defendant's interpretation of "reasonable person" as subjective. Under the defendant's interpretation, persons with bad tempers or other personality disorders who kill with little provocation under a sudden heat of passion would have the benefit of this defense while ordinary, even-tempered persons faced with precisely the same provoking acts would not. We do not believe such a result accurately reflects the legislative intent.

*Sanchez v. People*, 820 P.2d 1103 (Colo. 1991) supports our interpretation. In discussing the nature of heat of passion manslaughter, the supreme court there recognized that even a reasonable person could act in the heat of passion if faced with great provocation, for "in some circumstances a person's sudden and impulsive reaction to extreme provocation may be viewed as a response any reasonable person would make." *Sanchez v. People, supra*, at 1109 (emphasis added).

Based upon this language, we conclude that the court did not mean to include persons, like the defendant, who possess certain personality traits that make them kill, under a sudden heat of passion, when facing provocation that nevertheless would not create an irresistible urge to kill within the ordinary reasonable person.

Defendant's reliance upon *Ferrin v. People*, 164 Colo. 130, 433 P.2d 108 (1967) is misplaced. *Ferrin* was decided before the adoption of the current manslaughter statute. Further, the *Ferrin* court reasoned only that a series of preceding events can contribute to a finding of provocation, not that a person's subjective, individual characteristics can be transferred to the fictional "reasonable person."

Defendant's further reliance on *Coston v. People*, 633 P.2d 470 (Colo.1981) is similarly misplaced. In *Coston*, the court stated that, in determining whether a defendant had the opportunity to "cool off" prior to the killing, the particular emotional state of the defendant may play a part. Thus, subjective character traits of the defendant may be a factor to be considered in determining whether a defendant had time to regain control of his or her emotions under the fourth element of the heat of passion manslaughter statute. However, this is not directly relevant to the interpretation of the "reasonable person" standard referenced in the third element.

Defendant also asserts that the Model Penal Code has incorporated a subjective factor in describing heat of passion manslaughter. Specifically, defendant points to the Model Penal Code § 210.3 (1980), which states, in pertinent part: "A criminal homicide constitutes manslaughter ... [if] committed under the influence of extreme mental or emotional disturbance for which there is reasonable explanation or excuse. The reasonableness

of such explanation or excuse shall be determined *from the viewpoint of a person in the actor's situation* under the circumstances as he believes them to be." (emphasis added)

We first note, however that the General Assembly has not chosen to adopt the language from the Model Penal Code in defining heat of passion manslaughter.

Second, even courts in jurisdictions adopting such language do not agree that, in considering an "actor's situation," a court must look at personal traits. The supreme court of Oregon, for example, has concluded that a defendant's "personality characteristics" or "personality traits" are *not* relevant in deciding whether a defendant acted under the influence of an extreme emotional disturbance. *State v. Wille*, 317 Or. 487, 858 P.2d 128 (Or.1993).

In addition, further portions of the comments to the applicable Model Penal Code section refute defendant's analysis:

> Although statements of the rule vary slightly, common-law provocation has two essential requirements. The first is objective in character. The provocation must be 'adequate,' and adequacy is measured by reference to the objective standard of the reasonable man . . . .
>
> Provocation is said to be 'adequate' if it would cause a reasonable person to lose his self-control. Of course, a reasonable person does not kill even when provoked, but events may so move a person to violence that a homicidal reaction, albeit unreasonable in some sense, merits neither the extreme condemnation nor the extreme sanctions of a conviction of murder . . . . The more strongly most persons would be moved to kill by circumstances of the sort that provoked the actor to the homicidal act, and the more difficulty they would experience in resisting the impulse to which he yielded, the less does his succumbing serve to differentiate his character from theirs. This rationale explains the rule's secure grounding in an objective view of what constitutes sufficient provocation.

Model Penal Code § 210.3 at 56 (1980).

We finally note that our interpretation of "reasonable person" as precluding consideration of the innate peculiarities or personal traits of a defendant is consistent with recent decisions from other jurisdictions addressing this question. *See State v. Bailey*, 256 Kan. 872, 889 P.2d 738 (1995) (objective test used for provocation precludes consideration of the innate peculiarities of the defendant, while the requisite emotional state necessary to constitute "heat of passion" is subjective); *State v. Shepherd*, 477 N.W.2d 512 (Minn. 1991) (test for provocation is objective, while test for determining heat of passion in fact is subjective); *State v. Rewolinski*, 159 Wis.2d 1, 464 N.W.2d 401 (1990) (same).

■ Accordingly, the trial court properly concluded that the "reasonable person" language in the heat of passion manslaughter statute refers to an objectively reasonable person, and not a person suffering from the defendant's chronic mild depression and polysubstance abuse. Therefore, the trial court did not err in limiting the defendant's proposed expert witnesses' testimony to whether defendant's acts met an objective, reasonable person standard and, thus, did not improperly deprive the defendant of his right to the heat of passion defense.

## II.

Defendant next contends that the trial court erred in refusing to submit jury instructions, as well as a theory of the case instruction, based upon heat of passion manslaughter. We disagree.

■ As a general rule, any evidence, no matter how improbable, unreasonable, or slight, which tends to establish facts sufficient to reduce the grade of a homicide, entitles a criminal defendant to a jury instruction on a lesser included offense. *People v. Shaw*, 646 P.2d 375 (Colo.1982). Heat of passion manslaughter, however, is technically not a lesser included offense of first or second degree murder. *People v. Lewis*, 676 P.2d 682 (Colo.1984).

■ Thus, to entitle a defendant to a heat of passion instruction, the supporting evidence must tend to establish each of the four elements of § 18–3–104(1)(c), as discussed

above. *See also People v. Garcia, supra.* And, it is the trial court that acts, in the first instance, as the gatekeeper in determining whether there is a total absence of evidence to support any of the elements. *See People v. Shaw, supra.* Hence, it is not error for a trial court to reject a proposed jury instruction regarding a defendant's theory of the case if the theory is not grounded in and supported by the evidence. *People v. Nunez,* 841 P.2d 261 (Colo.1992).

Here, before submission of the case to the jury, defendant tendered requests for jury instructions relating to his theory of the case and the crime of heat of passion manslaughter. While the court submitted the lesser offense of second degree murder to the jury as requested by defendant, it refused defendant's other proposed instructions, finding that there was insufficient evidence for the jury to consider heat of passion manslaughter.

As noted, to entitle defendant to a heat of passion instruction, the evidence introduced at trial had to tend to establish each of the four elements of heat of passion manslaughter. However, defendant failed, at the minimum, to provide any evidence to establish the third element. In fact, upon cross examination, the psychiatrist who testified for defendant, when queried as to whether an ordinary reasonable person would so act, specifically stated that defendant did not meet that legal criterion.

Thus, under the state of this record, there was insufficient evidence to support a jury instruction on heat of passion manslaughter. And, because evidence introduced at trial must satisfy all four elements, and no evidence supported the third element of the test, it is unnecessary to consider whether there was sufficient evidence in the record to satisfy the other elements of the crime.

Accordingly, the trial court's refusal to submit the jury instructions and the theory of the case instruction was not erroneous.

### III.

Defendant next maintains that the trial court erred in failing to grant his motion for mistrial after it deprived him of the ability to present a defense. We disagree.

■ Mistrial is a drastic remedy and is warranted only when the prejudice to the defendant is too substantial to be remedied by other means. *People v. Collins,* 730 P.2d 293 (Colo.1986).

■ A trial court has broad discretion in determining whether a mistrial is required, and its determination may be reversed only when there is a gross abuse of discretion and prejudice to the defendant. *People v. Abbott,* 690 P.2d 1263 (Colo.1984); *People v. Gillis,* 883 P.2d 554 (Colo.App.1994).

■ Here, defendant argues that the trial court, after all the evidence had been presented, deprived him of any defense because it refused to submit his instructions on heat of passion manslaughter.

Contrary to defendant's contentions, however, the trial court did not deprive him of the ability to present a defense. Rather, it informed him during jury selection that an objective standard would apply in determining whether a reasonable person would have been provoked by the victim's actions to kill in the heat of passion. Thus, defendant was on notice that, unless he could establish that his actions met an objective standard, the court would not submit instructions on heat of passion manslaughter to the jury.

The defendant's presentation of his case reflects this knowledge. First, defendant chose not to call one of his expert witnesses because she would not say that his actions met the objective, reasonable person standard. Second, in eliciting direct testimony from another expert witness, the defendant attempted to establish that the facts surrounding the killing showed that he had acted without deliberation, not that he had acted in the heat of passion.

Thus, the record reveals that the defendant did, in fact, assert a defense designed to negate the elements of first degree murder and could have also presented a heat of passion defense if the facts were such as to meet an objective, reasonable person standard. Hence, denial of the mistrial motion was not an abuse of discretion.

## IV.

Defendant also contends that the trial court erred in excluding a defense exhibit as a sanction for a discovery violation. Because we conclude that the exhibit was properly excludable on grounds of relevancy, we need not reach defendant's assertion that the trial court erred in its analysis.

■ A party may defend the judgment of the trial court on appeal on any ground supported by the record, regardless of whether that ground was relied upon or even contemplated by the trial court. *People v. Quintana*, 882 P.2d 1366 (Colo.1994).

■ As a general rule, facts are relevant when they logically tend to prove or disprove a fact in issue or they afford a reasonable inference or shed light upon the matter contested. However, facts bearing so remotely upon or which are so collateral to the issue that they afford only a conjectural inference should not be admitted in evidence. *People v. Botham*, 629 P.2d 589 (Colo.1981).

■ Here, defense counsel sought to introduce into evidence a sealed package from a women's clothing store that had been mailed to the defendant. Although defense counsel admitted that she did not know what was in the sealed package, she stated that she believed the package contained clothing defendant had ordered for the victim.

We conclude that, as presented to the trial court, the package was not relevant to any material issue in the case. Neither defense counsel nor the trial court had any knowledge of the package's contents. Further, even if the package contained women's clothing, defense counsel could not establish that the defendant had purchased them for the victim. Thus, because the package could only provide a conjectural inference, it was properly excludable on grounds of relevancy.

## V.

Defendant also asserts that the trial court erred in denying his challenges for cause to several prospective jurors. We disagree.

■ Trial courts are afforded broad discretion in deciding whether to grant or deny a challenge for cause to a potential juror, and a decision denying such a challenge will be set aside only when the record discloses a clear abuse of that discretion. *People v. Sandoval*, 733 P.2d 319 (Colo.1987). A trial court's decision may not be disturbed on appeal if the record shows that the court conducted a careful inquiry into the juror's potential bias and drew a reasonable conclusion based on the juror's responses. *People v. McCrary*, 190 Colo. 538, 549 P.2d 1320 (1976); *People v. Goodpaster*, 742 P.2d 965 (Colo.App.1987). It is within the trial court's prerogative to give considerable weight to a potential juror's statement that he or she can fairly and impartially serve on the case. If the trial court is satisfied that a potential juror will render a fair and impartial verdict according to the law and to the evidence submitted at trial, that person should not be disqualified. *People v. Sandoval, supra;* § 16–10–103(1)(j), C.R.S. (1986 Repl.Vol. 8A); Crim. P. 24(b)(1)(X).

■ Here, defendant argues that the trial court should have excused two prospective jurors based on their statements during voir dire. One prospective juror indicated that the recent death of her daughter made it difficult for her to accept that someone would take another person's life. She also stated that, because "murder is murder," she would have difficulty distinguishing between degrees of murder.

The trial court responded to her statements by thoroughly questioning her concerning whether she could follow the court's instructions. Based upon the juror's responses that she would abide by the court's instructions, the trial court concluded that the juror would follow the law as it distinguished between degrees of homicide.

■ A second prospective juror indicated that he had some negative notions concerning the defendant based upon a previous incident in which he had spoken to the defendant over the telephone. During questioning by the court, however, the juror stated that, despite his personal feelings, he could be impartial toward the defendant and look solely at the evidence presented during trial.

The trial judge, because of the advantage of personal observation, is the only judicial officer able fully to assess the attitudes and state of mind of a potential juror in giving responses to difficult questions. *People v. Sandoval, supra.* With this in mind, and based on the responses of the two jurors to the trial court's inquiries, we conclude that the trial court was justified in determining that the jurors would follow its directions and render a fair and impartial verdict. Hence, we find no clear abuse of the trial court's discretion in refusing to dismiss the jurors for cause.

The judgment is affirmed.

NEY and DAVIDSON, JJ., concur.