**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Robert HOLLOWAY, Defendant–Appellant.**

**No. 96CA1115.**

Colorado Court of Appeals,
Div. V.

Nov. 13, 1998.

Rehearing Denied Dec. 10, 1998.

Certiorari Denied April 12, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Evan W. Jones, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge MARQUEZ.

Defendant, Robert Holloway, appeals from the judgment of conviction entered on jury verdicts finding him guilty of first degree murder and two counts of habitual criminal. He also appeals his sentence to three consecutive terms of life imprisonment without the possibility of parole. We affirm the judgment of conviction, but remand for correction of the mittimus to reflect one sentence of life imprisonment without the possibility of parole.

In June 1995, following a purchase of drugs from defendant, the victim demanded the return of his money because he believed that the drugs were fake. During the ensuing argument, defendant pulled out a gun and shot and killed the victim.

I.

Defendant contends that the trial court erred in denying his tendered instruction on the lesser offense of heat of passion manslaughter. We reject defendant's contention.

As a general rule, any credible evidence, no matter how improbable, unreasonable, or slight, which tends to reduce a homicide to manslaughter entitles a defendant to a jury instruction on a lesser included offense. *People v. Garcia*, 826 P.2d 1259 (Colo. 1992). Heat of passion manslaughter, how-

ever, is technically not a lesser included offense of first- or second-degree murder, but is a lesser non-included offense. *Walker v. People,* 932 P.2d 303 (Colo.1997).

■ To entitle a defendant to a heat of passion instruction under the statute then in effect, Colo. Sess. Laws 1996, ch. 295, §18–3–104(1)(c) at 1845, the evidence had to establish: (1) the act causing the death was performed upon a "sudden heat of passion"; (2) caused by a "serious and highly provoking act of the intended victim"; (3) which was sufficient "to excite an irresistible passion in a reasonable person"; and (4) between the provocation and the killing, an insufficient "interval" of time passed for "the voice of reason and humanity to be heard." *People v. Hennion,* 923 P.2d 256, 258 (Colo.App.1995).

■ To support his claim on appeal that heat of passion instructions should have been given to the jury, defendant asserts: that the victim attempted to defraud him out of money; that the victim was loud and angry; that the victim had hitched his pants up at least twice, a gesture intended and understood within the culture as a physical threat; and that the victim committed a third degree assault on defendant's girlfriend in defendant's immediate presence.

In denying defendant's request for an instruction on heat of passion manslaughter, the trial court found that there was no evidence in the case to support such an instruction. Specifically, it concluded that there was no evidence of a serious and highly provoking act by the victim nor any evidence that a serious and highly provoking act by the victim was sufficient to excite an irresistible passion in a reasonable person. We agree.

The testimony presented regarding contact with the defendant's girlfriend was that the victim pushed or "slightly tapped" her on the shoulders, and she fell over on the couch. There is no evidence that she suffered an injury or that the victim's conduct could be found to be a highly provoking act.

Likewise, there was no evidence of a serious and highly provoking act sufficient "to excite an irresistible passion in a reasonable person" to shoot the victim. *See People v.*

*Hennion, supra.* To the contrary, witness testimony revealed that defendant and the victim "got to arguing like they were about to fight" when the defendant pulled out a gun and shot the victim.

Because evidence introduced at trial must satisfy all four elements, and no evidence supported the second and third elements, it is unnecessary to consider whether there was sufficient evidence in the record to satisfy the other elements of the crime. *See People v. Dooley,* 944 P.2d 590 (Colo.App.1997).

Accordingly, we conclude that the trial court properly refused to submit defendant's tendered heat of passion manslaughter instruction.

## II.

Defendant also contends that the trial court erred in overruling defense counsel's objection to the prosecutor's alleged misconduct during closing argument and in denying his motion for mistrial. Specifically, he argues that the prosecutor's reference to him as a "gang-banging, drug dealing, gun toting menace to society" was improper and inflammatory, and that the trial court erred in failing to direct the jury to disregard the improper comments. We disagree.

■ Claims of improper argument must be evaluated in the context of the argument as a whole and in light of the evidence before the jury, and such evaluation is done best by the trial court. Consequently, the scope of final arguments rests in the sound discretion of the trial court, and its ruling will not be disturbed by an appellate court in the absence of a gross abuse of discretion resulting in prejudice and a denial of justice. *People v. Walters,* 821 P.2d 887, 890 (Colo.App.1991).

■ A prosecutor is entitled to argue the facts in evidence and reasonable inferences from those facts. *People v. Rodriguez,* 794 P.2d 965 (Colo.1990). It is improper, however, for a prosecutor " 'to use arguments calculated to inflame the passions and prejudice of the jury.' " *People v. Moya,* 899 P.2d 212, 218 (Colo.App.1994).

■ If an appellate court concludes that prejudice created by a prosecutor's conduct was so great as to result in a miscarriage of justice, a new trial may be granted, notwithstanding the trial court's failure to impose such a sanction. *Harris v. People*, 888 P.2d 259 (Colo.1995).

■ Here, the statements by counsel were based on the evidence presented and the reasonable inferences from that evidence. One witness testified that the defendant was a member of a gang and had pointed a gun at a rival gang's car, had sold crack cocaine, and had shot the victim. Similarly, another witness testified that the defendant sold drugs and that he saw the defendant shoot the victim. Still another witness testified that he himself belonged to a gang, that the defendant did not belong to the same gang, and that he saw the defendant shoot the victim.

Consequently, in the context of the evidence and closing arguments as a whole, we conclude that the trial court did not abuse its discretion in overruling the objection and denying the motion for mistrial. *See People v. Mendoza*, 876 P.2d 98 (Colo.App.1994)(rejecting argument that prosecutor's statement during closing arguments that two street gangs "do not get along peaceably" was highly prejudicial and not supported by the evidence).

### III.

In regard to the adjudication as an habitual criminal, defendant asserts that the trial court erred in failing to bar the use of his prior conviction, entered on a guilty plea, for attempted possession of drugs. Specifically, he asserts that, in that prosecution, the trial court provided him with an incorrect and misleading description of criminal attempt. We perceive no error.

■ A prior conviction obtained in violation of a constitutional right of the accused cannot be used in a subsequent criminal proceeding to support guilt or to increase punishment. *People v. Stephens*, 837 P.2d 231 (Colo.App.1992).

■ Due process of law requires that a plea of guilty be made knowingly and voluntarily. A plea is not voluntary unless the record as a whole affirmatively demonstrates that the defendant understood the critical elements of the crime to which the plea was tendered. *Blehm v. People*, 817 P.2d 988 (Colo.1991).

■ No formalistic litany, however, is required before a court may accept a plea of guilty. *People v. Drake*, 785 P.2d 1257 (Colo.1990)(sufficiency of advisement depends on facts such as complexity of charges and personal characteristics of defendant).

Here, in the attempted possession providency hearing, the trial court read the definition of attempt essentially as set forth in §18–2–101, C.R.S.1998. The court then explained:

> What that means really breaking it down into simple language is that it's not a crime for somebody to think about committing a crime but if they [sic] begin taking steps toward the commission of the crime and those steps are so substantial that they indicate the person has the purpose in mind of committing the offense then it becomes an attempt to commit that offense.

Defendant asserts that there is a "huge difference" between conduct which merely "indicates" a purpose and conduct which is "strongly corroborative of the firmness of the actor's purpose" to complete the commission of the offense, as required under §18–2–101.

■ However, defendant was represented by counsel, and the record indicates that, after the additional explanation set forth above, defendant stated that he understood the charge to which he was pleading guilty. At no time during the plea hearing did he object to or question the trial court's explanation of the attempted possession charge.

Considering the record as a whole, we conclude that the trial court in the attempted possession case did not mislead defendant and that his guilty plea in that case was properly entered. Accordingly, it was properly used here in support of the habitual criminal charge.

## IV.

Defendant's final contention is that the trial court erred in imposing three consecutive life sentences without the possibility of parole for a single conviction of first degree murder involving a single victim. The People concede that such was error, and we agree.

Here, defendant was charged with one count of first degree murder for the killing of a single victim. Following his conviction of this offense, the jury found that the defendant had violated the habitual offender statute. Over defendant's objection, the trial court concluded that §16–13–101(1.5), C.R.S. 1998, mandated that it impose three terms of life imprisonment consecutively without the possibility of parole.

■ In construing a statute, we are to ascertain and give effect to the intent of the General Assembly. In doing so, we look first to the plain language of the statute. *Walker v. People, supra.* We must avoid constructions that would defeat an obvious purpose of the statute and must adopt an interpretation that gives consistent, harmonious, and sensible effect to all the statute's provisions. *People v. Dooley,* supra.

As pertinent here, §16–13–101(1), C.R.S. 1998, provides that a person shall be adjudged an habitual criminal and punished by a term of life imprisonment if the person is convicted of a class 1 felony and has twice been convicted of certain other offenses.

Section 16–13–101(1.5), C.R.S.1998, provides:

Every person convicted in this state of any class 1, 2, 3, 4, or 5 felony who, within ten years of the date of the commission of said offense, has been twice previously convicted of charges separately brought and tried, and arising out of separate and distinct criminal episodes . . . of a crime which, if committed within this state, would be a felony shall be adjudged an habitual criminal and shall be punished for the felony offense of which such person is convicted by confinement in a correctional facility for a term of three times the maximum of the presumptive range pursuant to section 18–

1–105, C.R.S., for the class of felony of which such person is convicted.

However, §16–13–101(4), C.R.S.1998, provides:

A person who meets the criteria set forth in subsection (1) of this section shall be adjudged an habitual criminal and sentenced only in accordance with that subsection and not pursuant to subsections (1.5), (2) and (2.5) of this section.

Section 18–1–105(1)(a)(V)(A), C.R.S.1998, authorizes the imposition of a sentence of life imprisonment or death for a class 1 felony. As to any person sentenced for a class 1 felony, for an act committed on or after July 1, 1990, life imprisonment means imprisonment without the possibility of parole. Section 18–1–105(4), C.R.S.1998.

■ Upon examining the above statutory language, we conclude that §16–13–101(4) indicates that §16–13–101(1.5) does not require that every sentence for conviction of the enumerated felonies be tripled.

■ In our view, the language "three times the maximum of the presumptive range" as used in §16–13–101(1.5) refers only to sentences of less than life imprisonment. This interpretation is consistent with the supreme court's ruling that only one judgment of conviction and one punishment can be imposed for one first degree murder. *See People v. Freeman,* 668 P.2d 1371 (Colo. 1983); *People v. Lowe,* 660 P.2d 1261 (Colo. 1983).

Thus, the judgment of conviction is affirmed, and the cause is remanded for correction of the mittimus to show one sentence of life imprisonment without the possibility of parole. However, the mittimus should continue to reflect the habitual criminal counts.

Judge BRIGGS and Judge TAUBMAN concur.